# T. A. BLACKBURN LAW

TYRONE A. BLACKBURN
———
MEMBER OF
NY, DC & NJ BAR
———
FEDERAL MEMBERSHIP
EDNY, NDNY, SDNY & DNJ
———
90 Broad Street, 2nd Floor
New York, NY 10004

April 1, 2025

<u>Sent via ECF</u>:
Hon. Frederic Block
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *Brien East v. Digital Infrastructure Inc., et al.*,
No. 24-cv-08521-FB-LB

Dear Judge Block:

     Plaintiff Brien East respectfully submits this letter in opposition to Defendants' March 31, 2025, pre-motion letter seeking a conference to move to dismiss the Complaint, according to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). As explained below, the proposed motion is without merit and should be denied. Alternatively, if leave is granted, Plaintiff respectfully requests a briefing schedule and the opportunity to amend his pleading where necessary.

I.    **Plaintiff Has Plausibly Pled Each Claim with Factual and Legal Particularity**

     The Plaintiff's 60-page Complaint sets forth twelve detailed causes of action arising from the Defendants' unlawful conduct in breaching a token-based compensation agreement, misrepresenting the nature and value of $DIMO tokens, and retaliating against the Plaintiff for raising securities law compliance concerns. The Plaintiff alleges damages exceeding $380,000 and statutory penalties, reputational harm, and emotional distress. Each claim is well-supported by factual detail, specific allegations, and documentary exhibits.

II.    **Plaintiff States a Claim for Breach of Contract**

     Defendants argue that Plaintiff failed to satisfy a condition precedent—namely, the "commercial launch" of the token network—to trigger vesting. This assertion contradicts the allegations in the Complaint, which state that 506,675 tokens had already vested and were due when Defendants imposed arbitrary lock-up restrictions. Moreover, Plaintiff pleads that Defendants waived or ignored the purported condition by acknowledging vesting, confirming performance, and later withholding access in violation of the Token Grant Agreement.

     A court must accept such allegations as true and draw all reasonable inferences in Plaintiff's favor. *Diesel Props S.R.L. v. Greystone Bus. Credit II LLC*, 631 F.3d 42, 52 (2d Cir. 2011) (breach of contract claim survives dismissal where Plaintiff alleges agreement, performance, breach, and resulting damages). The Plaintiff has satisfied this standard and plausibly alleged a breach of a valid, enforceable contract under New York law.



347-342-7432    tblackburn@tablackburnlaw.com    TABlackburnlaw.com

## T. A. BLACKBURN LAW

III. **The Fraud Claims Are Distinct from the Contract and Satisfy Rule 9(b)**

Defendants argue that the fourth and fifth causes of action (fraudulent inducement and concealment) are duplicative of the breach of contract claim. Not so. Plaintiff specifically alleges that Defendants misrepresented the nature, liquidity, and regulatory risks of $DIMO tokens prior to entering the agreement to induce Plaintiff to accept a below-market salary. These claims arise from extra-contractual conduct and are thus independently actionable. See *First Bank of Ams. v. Motor Car Funding, Inc.*, 257 A.D.2d 287, 291 (1st Dep't 1999).

Moreover, Plaintiff pleads fraud with the requisite particularity under Fed. R. Civ. P. 9(b), including who made the misstatements (Solomon and Khessin), what was said (that tokens were "utility tokens" freely transferable after vesting), when and where (at the time of hiring and during internal communications), and why the statements were knowingly false (*Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 290 (2d Cir. 2006)).

IV. **Plaintiff Alleges Securities Fraud Under Federal and State Law**

Plaintiff's third cause of action alleges violations of Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5, premised on material misstatements and omissions concerning $DIMO tokens. The Plaintiff contends that the tokens qualify as "securities" under the *Howey* test (*SEC v. W.J. Howey Co.*, 328 U.S. 293 (1946)) because they were compensation vehicles marketed with an expectation of profit derived from the managerial efforts of DIMO executives. See also *SEC v. Kik Interactive Inc.*, 492 F. Supp. 3d 169 (S.D.N.Y. 2020).

Defendants rely on *SEC v. Ripple Labs Inc.*, 682 F. Supp. 3d 308 (S.D.N.Y. 2023), arguing that the tokens lack the "investment of money" prong. But Ripple is concerned with sales of tokens on secondary markets, not tokens used as direct compensation. Here, Plaintiff alleges that his tokens were directly tied to his performance and DIMO's success—placing them squarely within the ambit of federal securities regulation. The Complaint also alleges scienter (*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007)) and economic loss (*Dura Pharms., Inc. v. Broudo*, 544 U.S. 336 (2005)).

V. **Whistleblower Retaliation Claims Are Sufficient Under Federal and State Law**

   A. Dodd-Frank (12th COA)

Defendants argue Plaintiff lacks standing under the Dodd-Frank Act because he did not report to the SEC. While *Digital Realty Trust, Inc. v. Somers*, 138 S. Ct. 767 (2018), requires direct reporting to the SEC for protection under 15 U.S.C. § 78u-6(h), Plaintiff has alleged intent to report and retaliation occurring in the interim. If necessary, Plaintiff can amend to clarify his engagement with internal compliance structures, which also form the basis for claims under Sarbanes-Oxley and state law.

   B. NYLL § 740 and Labor Law § 215 (9th and 2nd COAs)

The Plaintiff pleads that he raised concerns about federal and state securities law violations and was retaliated against through reprimands, token withholding, and constructive discharge. These are textbook violations of NYLL § 740. See *Mazzacone v. Corlies Assocs., Inc.*, 21 Misc. 3d 1108(A), 2008 N.Y. Slip Op 51956(U) (Sup. Ct. N.Y. Cty. 2008) (retaliation includes constructive discharge following protected whistleblowing).

Defendant's argument that Plaintiff is exempt from wage protections under NYLL § 191 because of his executive title fails because Plaintiff's tokens constituted earned "wages" under



NYLL § 190 and were wrongfully withheld. See *Ryan v. Kellogg Partners Institutional Servs.*, 19 N.Y.3d 1, 16 (2012).

   C. <u>California Labor Code §§ 1102.5, 98.6 (10th COA)</u>

Even if the Court finds New York's laws inapplicable, Plaintiff has asserted claims under California Labor Code § 1102.5 for retaliation against whistleblowers who disclose violations of law. See *Yanowitz v. L'Oreal USA, Inc.*, 36 Cal. 4th 1028 (2005). California's whistleblower laws provide broad protections that are not dependent on SEC reporting and encompass internal disclosures of suspected illegality.

VI. **NYSHRL and NYCHRL Claims Are Properly Pled or Amendable**

While Defendants claim the NYSHRL and NYCHRL do not apply to out-of-state residents, Plaintiff alleges that key decisions, policies, and retaliatory conduct were coordinated and executed from DIMO's New York offices. See *Hoffman v. Parade Publs.*, 15 N.Y.3d 285 (2010) (extraterritorial application allowed where discriminatory conduct occurred in New York). Plaintiff also alleges that he was sexually harassed by a company agent in violation of the NYCHRL and that Defendants failed to post required anti-harassment materials (NYC Admin. Code § 8-107(29)).

However, should the Court conclude that New York law does not apply, Plaintiff respectfully requests leave to amend to assert equivalent claims under the California Fair Employment and Housing Act (FEHA), Cal. Gov't Code § 12940(h) and related provisions. These statutes provide broader or equal protection to the NYSHRL and NYCHRL and would if anything, expose Defendants to greater liability.

VII. **Dismissal Would Be Premature and Inequitable**

Defendants seek dismissal of a well-pled complaint that raises multiple overlapping theories of liability, many of which are fact-intensive and turn on Defendants' internal conduct and documents. These issues should not be resolved at the pleading stage. See *Arista Records LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010) (Rule 12(b)(6) motion must be denied unless "it appears beyond doubt that the plaintiff can prove no set of facts").

Moreover, permitting Defendants to withhold discovery while challenging the applicability of laws that hinge on factual context (e.g., situs of employment, supervisory structure, intent to retaliate) would unfairly prejudice Plaintiff.

VIII. **Conclusion**

For the foregoing reasons, Plaintiff respectfully requests that the Court:
1. Deny Defendants' request for a pre-motion conference or
2. Alternatively, grant Defendants leave to file a motion to dismiss and allow Plaintiff to submit a full opposition according to a coordinated briefing schedule;
3. Grant leave to amend in the event the Court finds any statutory framework inapplicable; and
4. Direct the parties to commence discovery on all claims not subject to Rule 12(b)(1).

Respectfully submitted,

*/s/Tyrone A. Blackburn, Esq.*
Tyrone A. Blackburn, Esq.